UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:22-CR-3-REW-EBA |
| v. | ) | |
| | ) | ORDER |
| TONY MINOR, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

After conducting Rule 11 proceedings, *see* DE 32 (Rearraignment Minute Entry), Magistrate Judge Atkins recommended that the undersigned accept Defendant Tony Minor's guilty plea and adjudge him guilty of Counts 1 and 2 charged in the Indictment. *See* DE 35 at 2 (Recommendation); *see also* DE 1 (Indictment); DE 34 (Plea Agreement). Judge Atkins expressly informed Defendant of the right to object to the Recommendation to secure *de novo* review. *See* DE 35 at 3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 35, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of the Counts 1 and 2 in the DE 1 Indictment.

2. Further, per Judge Atkins's recommendation (DE 35 at ¶ 5), the Defendant's agreement (DE 34 at ¶ 10), and an audit of the recorded rearraignment hearing, the Court provisionally **FINDS** that the property identified in the operative indictment (DE 1 at 3-4) is forfeitable. Defendant has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B).

3. The Court **CANCELS** the jury trial in this matter.

4. The Court will issue a separate sentencing order.[1]

This the 22nd day of August, 2022.



Signed By:

*Robert E. Wier*

**United States District Judge**

---

[1] Upon concluding the hearing, Judge Atkins remanded Minor to the United States Marshal pending sentencing. *See* DE 32. This was Minor's status pre-plea. *See* DE 14 (Arraignment Minute Entry). The Court, thus, sees no need to further address detention at this time; Minor shall remain detained pending sentencing.